## No. 2922.

## W. W. BAILEY ET AL. *v.* THE STATE.

SCIRE FACIAS—PRACTICE—CONTINUANCE.—In civil cases a final continuance is a matter of right when the application therefor conforms to the statute and discloses legal diligence to secure the absent testimony; and it is expressly provided by statute (Code Crim. Proc., art. 449) that in scire facias cases, *after* a forfeiture has been declared upon a recognizance or bail bond, the rules which govern civil cases shall apply. This being a final proceeding upon a forfeited bail bond, and the application for the first continuance conforming to the statute, and showing legal diligence to secure the attendance of the absent witnesses, the defendants were entitled to a continuance as a matter of right, and its refusal by the trial court was error.

APPEAL from the District Court of Hopkins. Tried below before B. W. Foster, Esq., Special Judge.

The appeal in this case was prosecuted from the forfeiture of the appearance bond of W. W. Bailey, who was bailed upon a charge of perjury. The amount of the bond adjudged was seven hundred and fifty dollars.

The motion for continuance involved in the ruling of the court reads as follows: "Now come the defendants, S. M. Millhollan in person, and J. D. Lindley by attorney, and say they can not safely go to trial in this case at this term of the court, for the want of the testimony of the defendant, J. D. Lindley, Eli Lindley and Batt Millhollan, all of whom reside in Hopkins county, Texas, and each of whom is and are material witnesses for the defendants in this case; and defendants say they have used due diligence to procure the testimony of each of said witnesses, Eli Lindley and Millhollan; that both of said witnesses have been in attendance upon this court during the present term thereof, and the witness Batt Millhollan was in attendance upon this court on yesterday or the day before. Defendants say that, since the last term of this court, and before the present term of this court, and a few days after the service of the writ of scire facias upon these defendants, they caused to be issued a subpœna by the clerk of this court for said witnesses, Eli Lindley and Batt Millhollan, in due form of law; that said subpœnas were served on each of said witnesses by the sheriff and deputy sheriff of this county before the present term of this court. They say that said subpœna has not been returned into court, or, if so, has not been found among the papers of this cause, and has not been found by the defendants at all. The defendant S. M. Millhollan says that he saw defendant J. D. Lindley on last night, and that said J. D. Lindley was sick in bed, and is not able to be in attendance upon this court to-day; that he, J. D. Lindley, lives about ten miles from the court house of this county, and is a material witness in this case for this defendant, S. M. Millhollan. Premises considered, this defendant asks for himself, and for and in behalf of the defendant J. D. Lindley, that this cause be continued until the next term of this court. This defendant herewith annexes and makes a part of this showing the certificate of the physician, Doctor B. M. Worsham, showing the sickness of J. D. Lindley." Certificate attached.

*Peteet & Crosby,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge.  This appeal is from a judgment final upon a forfeited bail bond.  When the cause was called for trial, the defendants made application for a continuance because of the absence of alleged material witnesses, which application was refused, and the defendants present this ruling of the court by proper bill of exception for revision.  We find that the application for a continuance shows legal diligence to obtain the testimony of said witnesses, and in other respects is in strict compliance with the statute, it being a first application.

Such being the case, defendants were entitled to a continuance as a matter of right.  The court had no discretion to refuse it.  (3 Texas Ct. App., Civil Cases, sec. 302.)  Defendants had pleaded matters of defense sufficient to base an application for continuance upon, and no exceptions were made to their pleadings upon the ground that the same were not verified by affidavit, nor upon any other ground.

Because the court erred in overruling the defendants' application for a continuance the judgment will be reversed and the cause remanded.  We have considered the other assignments of error made by appellants, and in our opinion none of them are maintainable.

*Reversed and remanded.*